IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02168-PSF-BNB

ANTHONY J. GLOSTON,

    Plaintiff,

v.

ITT FEDERAL SERVICES INTERNATIONAL CORPORATION, d/b/a
ITT Industries, Inc.,

    Defendant.

## ORDER ON MOTION FOR PARTIAL DISMISSAL AND MOTION TO STRIKE

THIS MATTER is before the Court on Defendant ITT Federal Services International Corporation's ("ITT") Motion for Partial Dismissal of Plaintiff's Complaint and Motion to Strike Portions of Plaintiff's Complaint (Dkt. # 16), filed on March 12, 2007. Under the Local Rules of this district, the deadline for plaintiff to file a response to defendant's motion was April 2, 2007. *See* D.C.COLO.LCivR 7.1C. As of this date, no response has been filed. Accordingly, defendant's motion is ripe for disposition, and the Court now enters the following Order.

### I.  BACKGROUND

Plaintiff is a Texas resident who performed services for defendant in Afghanistan under an employment contract. Compl. (Dkt. # 3) ¶¶ 1, 22. Defendant's principal place of business is in Colorado. *See id.* ¶ 2. Plaintiff filed his Complaint on October 30, 2006, alleging that defendant engaged in employment discrimination and terminated plaintiff based on his race. *Id.* ¶ 16. Plaintiff has asserted causes of action against ITT

for: (1) violations of Title VII of the Civil Rights Act; (2) breach of the covenant of good faith and fair dealing in an employment contract; and (3) breach of contract. He seeks compensatory and exemplary damages as well as injunctive relief.

Defendant filed the instant motion requesting dismissal of plaintiff's second claim for breach of the covenant of good faith and fair dealing under F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant also requests that the Court strike certain paragraphs in the Complaint that contain allegations relating to an administrative proceeding that was conducted under the Colorado Employment Security Act, C.R.S. § 8-70-101 *et seq.*

## II.     MOTION FOR PARTIAL DISMISSAL UNDER F.R.CIV.P. 12(b)(6)

### A.     Standard of Review

The purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). In ruling on a motion to dismiss, a court "must construe the complaint in favor of the complaining party," *Utah v. Babbitt*, 137 F.3d 1193, 1204 (10th Cir. 1998), and must draw all reasonable inferences in favor of the plaintiff. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976). The Court will dismiss a claim for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v.*

*Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

### B. Choice of Law

As a preliminary matter, in order to evaluate defendant's argument that plaintiff's state law claim for breach of the covenant of good faith and fair dealing is not legally recognized and should be dismissed, the Court must first determine which state's law applies to that claim. Defendant contends that Colorado law applies based on a choice of law provision in the parties' employment contract stating that "[s]ettlement of claims between the Employee and Employer will be resolved in accordance with the laws of the State of Colorado." Ex. A-1 to Def.'s Mot. ¶ 23.2, at 8 (emphasis in original).

When a federal court exercises supplemental jurisdiction over state law claims in a federal question lawsuit, as is the case here, it applies the choice of law rules of the forum state. *BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999). Choice of law provisions are generally enforced in Colorado, which "follows the Restatement (Second) of Conflict of Laws for Contracts, § 187, in determining the enforceability of these provisions." *Am. Express Fin. Advisors, Inc. v. Topel*, 38 F. Supp. 2d 1233, 1238 (D. Colo. 1999). Section 187 of the Restatement "provides that the forum state should apply the law chosen by the parties unless (a) there is no reasonable basis for the parties' choice or (b) the application of the law chosen would be contrary to a fundamental policy of a state which has a materially greater interest in the issue." *Id.*

As defendant argues, given that defendant's principal place of business is in Colorado and that defendant has an interest in having its contracts uniformly interpreted, there is a reasonable basis for the parties' choice of Colorado law. *See id.* (fact that chosen forum was principal place of business for one of the parties provides sufficient basis for parties' choice of law). Moreover, even assuming that Texas, the state of plaintiff's residence, has a "materially greater interest in the issue," plaintiff has provided no evidence suggesting that the application of Colorado law will contravene any fundamental policy of the State of Texas, nor has the Court discovered any. As discussed below, the Court's ruling would be the same under either state's law. Accordingly, the Court holds that the parties' choice of law provision is enforceable, and Colorado law applies to plaintiff's state law claims.

### C. Plaintiff's Claim for Breach of the Covenant of Good Faith and Fair Dealing

In his Complaint, plaintiff brings a claim for "Breach of the Covenant of Good Faith and Fair Dealing in an Employment Contract," Compl. ¶¶ 99-103, alleging that the terms of his employment contract "if not express implies [sic] that the Defendant would act fairly and in good faith." *Id.* ¶ 101. This appears to be a claim for breach of the implied covenant of good faith and fair dealing. However, several Colorado appellate courts and federal courts applying Colorado law have held that there is no cause of action under Colorado law for breach of the implied covenant of good faith and fair dealing in the employment context. *E.g.*, *Pittman v. Larson Distrib. Co.*, 724 P.2d 1379,

1385-86 (Colo. App. 1986); *Shepherd v. United States Olympic Comm.*, 94 F. Supp. 2d 1136, 1148-49 (D. Colo. 2000).  This Court will follow those holdings.

To the extent plaintiff's claim is for breach of an express covenant of good faith and fair dealing, the Colorado Supreme Court has explicitly "decline[d] to recognize the existence . . . of a *tort* claim for the breach of an express covenant of good faith and fair dealing in employment contracts." *Decker v. Browning-Ferris Indus. of Colo., Inc.*, 931 P.2d 436, 446 (Colo. 1997) (emphasis added).  However, if plaintiff is asserting that an express term of the contract has been breached, he can of course seek to recover under his breach of contract claim.  *See Stahl v. Sun Microsystems, Inc.*, 775 F. Supp. 1394, 1397 (D. Colo. 1991), *aff'd*, 19 F.3d 533 (10th Cir. 1994) (denying summary judgment on plaintiff's contractual claim for breach of express covenant of good faith and fair dealing and holding that whether such an express covenant was created was an issue of fact).

As indicated above, the outcome under Texas law would be the same.  The Texas Supreme Court has explicitly held that there is no common law duty of good faith and fair dealing in the employment context, whether the employment relationship is at-will or governed by an agreement.  *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000).

Because plaintiff has failed to assert a legally recognized cause of action with respect to his claim for breach of the implied covenant of good faith and fair dealing or a potential tort claim for breach of the express covenant of good faith and fair dealing, plaintiff can prove no set of facts in support of these theories of recovery that would

entitle him to relief. *Maher*, 144 F.3d at 1304. Moreover, to the extent plaintiff is attempting to plead a contractual claim based on breach of an express term of the employment agreement, such a claim would be subsumed under plaintiff's properly pled breach of contract claim and does not constitute a separate claim for relief. Accordingly, defendant's motion for partial dismissal is granted, and plaintiff's second claim for relief is dismissed with prejudice. Plaintiff is ordered to file an Amended Complaint within 10 days of the date of this Order omitting the dismissed claim.

### III.     MOTION TO STRIKE

Defendant argues that paragraphs 87 to 92 of the Complaint, which relate to an administrative proceeding involving plaintiff's claim for unemployment benefits under the Colorado Employment Security Act (the "Act"), C.R.S. § 8-70-101 *et seq.*, should be stricken as "immaterial" under Rule 12(f). Def.'s Mot. at 7; F.R.Civ.P. 12(f) ("Upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). The referenced paragraphs include allegations that plaintiff was initially disqualified from receiving unemployment insurance benefits after his termination and that a Hearing Officer reversed that decision on appeal after making several findings, including a finding that plaintiff was not at fault for his termination. Compl. ¶¶ 87-92.

The Act provides that "[n]o finding of fact or law, judgment, conclusion, or final order made with respect to a determination made under [the Act] may be conclusive or binding or used as evidence in any separate or subsequent action or proceeding in

another forum, except proceedings under [the Act], regardless of whether the prior action was between the same or related parties or involved the same facts." C.R.S. § 8-74-108. This amounts to a blanket prohibition against using the outcome of or findings made in an unemployment proceeding in any subsequent litigation not brought under the Colorado Employment Security Act. Accordingly, the allegations regarding plaintiff's unemployment proceeding are "immaterial," as they cannot be used in this litigation, and are stricken from the Complaint under F.R.Civ.P. 12(f). In his Amended Complaint, to be filed no later than 10 days from the date of this Order, plaintiff shall omit the stricken paragraphs.

### III.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's Motion for Partial Dismissal of Plaintiff's Complaint and Motion to Strike Portions of Plaintiff's Complaint (Dkt. # 16) are GRANTED;

2. Plaintiff's second claim for relief, styled "Breach of the Covenant of Good Faith and Fair Dealing in an Employment Contract," is DISMISSED WITH PREJUDICE;

3. Paragraphs 87 through 92 of plaintiff's Complaint are STRICKEN; and

4. Plaintiff shall file an Amended Complaint no later than 10 days from the date of this Order omitting both the dismissed claim and the stricken paragraphs.

DATED:  June 21, 2007

>                                BY THE COURT:
>
>                                *s/ Phillip S. Figa*
>                                Phillip S. Figa
>                                United States District Judge